IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY MALANTONIO, et al. | : | |
| | : | |
| v. | : | NO.   15-6444 |
| | : | |
| JOSEPH BOYLE, III, et al. | : | |

**MEMORANDUM AND ORDER**

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                                                                February 16, 2017

    Defendant, Joseph Boyle, III, has filed a Motion in Limine to preclude the Mention of a Citation Arising out of the Accident (Doc. No. 45).  Defendant contends that longstanding Pennsylvania law provides that evidence of a traffic citation is inadmissible in a civil trial for damages related to the same traffic violation. Doc. No. 45, citing Loughner v. Schmelzer, 421 Pa. 283, 284-85 (1966).  We agree that according to Pennsylvania law evidence of a plea to a traffic citation would not be admissible in a civil case arising out of the incident. See 42 PA.C.S.A. § 6142(a) ("A plea of guilty or nolo contendere, or a payment of the fine and costs prescribed after any such plea, in any summary proceeding made by any person charged with a violation of Title 75 (relating to vehicles) shall not be admissible as evidence in any civil matter arising out of the same violation or under the same facts or circumstances.")

    However, while Defendant also contends that federal courts have followed this rule[1], we find that under the Federal Rules of Evidence the citation is admissible. The Court must make two determinations when applying the Federal Rules of Evidence: (1) is the evidence

---

[1]   Defendant cites Dagostin v. Moore.  In that case, the court granted a Motion in Limine to preclude Plaintiff from offering evidence of a summary conviction for running a red light, resulting in the accident at issue in the case as part of Plaintiff's case in chief.  See Dagostin v. Moore, 3:CV-08-1131, 2009 WL 1139482, *1 (M.D. Pa. April 27, 2009).   Even accepting the holding made by that court and referenced in this non-precedential memorandum opinion, evidence of the citation would still be admissible to impeach the Defendant's assertions that he did not fail to yield the right of way or stop at the stop sign. The trial court specifically noted that it did not preclude offering a finding of guilt to impeach Defendant's credibility in the event he asserted that he did not run the red light.  Id.

inadmissible hearsay, and (2) is it inadmissible under the balancing test set forth in Rule 403. Evidence of traffic citations has been held to fall under hearsay exceptions, such as statements against interest.  See Rain v. Pavkov, 357 F.2d 506, 510 (3d Cir. 1966); Fed. R. Evid. 804(b)(3). In addition, some courts have determined that evidence of guilty pleas to citations is admissible as an admission of a party opponent and therefore not hearsay.  See Fed. R. Evid. 801(d)(2); Allen v. Fletcher, No. 3:07-cv-722, 2009 WL 3103828, *2 (Sept. 24, 2009) (finding citation admissible after concluding that it is an admission of a party opponent and not hearsay); Grosek v. Panther Transp., Inc., No. 3:07-cv-1592, 2009 WL 905035, * (April 1, 2009) (same). Therefore, under the Federal Rules the evidence would not be excluded as hearsay.

When applying the balancing test under Rule 403, we must weigh the probative value of the evidence against any prejudicial effect caused by the evidence.  Fed. R. Evid. 403.  In this case evidence that Defendant entered a plea to a traffic citation is most certainly relevant since an issue in this case will be whether Defendant properly yielded to Plaintiff at the intersection.  See Fed. R. Evid. 401.  "[T]here is a strong presumption that relevant evidence should be admitted, and thus for exclusion under Rule 403 to be justified, the probative value of evidence must be "substantially outweighed" by the problems in admitting it."  Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343-44 (3d Cir. 2022).  In order for the evidence to be excluded the prejudicial effect must rise to the level of creating an unfair advantage to one party.  Id. at 1344.  Since Defendant will have the opportunity to testify regarding the circumstances surrounding his plea to the traffic citation and will be able to explain his actions, we find that the probative value of the evidence outweighs any prejudicial effect of admitting the evidence.  See Grosek, No. 3:07-cv-1592, 2009 WL 905035 at *4 (finding that while evidence of the guilty plea harms defendant's position in the litigation, that evidence is not unfairly prejudicial).

We find that although the evidence would be inadmissible under Pennsylvania law, it is admissible under Federal Rules.  The Third Circuit Court of Appeals has held that in a diversity case "if [evidentiary] rules [between state and federal courts] conflict we must apply the federal rules so long as they are rationally capable of classification as procedural."  Salas v. Wang, 846 F.2d 897, 904 (3d Cir. 1988) (quoting Hanna v. Plumer, 380 U.S. 460, 472 (1965)).  Since the admissibility of evidence of a traffic citation in a case involving an automobile accident does not alter any of the elements Plaintiff must prove, a rule regarding admissibility of the traffic citation is procedural.  See Rain v. Pavkov, 357 F.2d 506, 509 (3d Cir. 1962) (holding that district court had erred by applying Pennsylvania law to exclude evidence of a guilty plea to reckless driving charge because it was admissible as an admission against interest and rules of evidence are generally procedural). The Third Circuit has specifically held that a plea of guilty to a driving offense is admissible in an action for personal injuries based upon the same facts and circumstances and that while a Pennsylvania Rule was contrary to that general rule, such a state rule is not controlling in the federal courts.  Id.   Therefore, this court will apply the Federal Rules of Evidence and will not preclude evidence of Defendant's guilty plea to a traffic citation. Defendant will also be able to testify to the circumstances surrounding the plea.

An appropriate order follows.

# **O R D E R**

AND NOW, this 16th day of February, 2017, upon consideration of Defendant's Motion in Limine to Preclude Mention of a Citation Arising out of the Accident (Doc. No. 45) and Plaintiff's Response in Opposition thereto (Doc. No. 47), it is hereby ORDERED that the Motion (Doc. No. 45) is DENIED.

BY THE COURT:

/s/Jacob P. Hart

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE